2017 DEC 20  AM 9: 02

CLERK U.S. DISTRICT OF OHIO
NORTHERN DISTRICT OF OHIO
AKRON

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Western Digital Technologies, Inc., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> XYZ Corporation d/b/a Miuli Technology, an entity; XYZ Corporation d/b/a Miului Technology, an entity; XYZ Corporation d/b/a Miu Kiu Inc., an entity; XYZ Corporation d/b/a Miuniu Computer Inc., an entity; XYZ Corporation d/b/a Micro Technology Concepts, an entity; XYZ Corporation d/b/a Micro Cncepts, an entity; XYZ Corporation d/b/a Miu Li, an entity; XYZ Corporation d/b/a GLF Inc., an entity; XYZ Corporation  d/b/a GLF Miu, an entity; XYZ Corporation  d/b/a GLF LI, an entity; XYZ Corporation  d/b/a GLF MIN, an entity; XYZ Corporation d/b/a/ GLF PTE, an entity; Yong Xian Lau, an individual; Chi Fan Lau, an individual; Yong Chen, an individual; Li Aiting, an individual; Li Juan Zhou, an individual; Zhou Ran Chen, an individual; Bo Liang Li, an individual; Wendy Chen, an individual; John Does 1-100, individuals; XYZ Corporations 1-100, entities. <br><br> Defendants. | CASE NO.: **5:17 CV 2653** <br><br> JUDGE: <br><br> **JUDGE PEARSON** <br><br> <u>JURY DEMANDED</u> <br><br> MAG. JUDGE LIMBERT <br><br> **[FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116]** |

## COMPLAINT

Plaintiff Western Digital Technologies, Inc. ("Western Digital" or "Plaintiff") hereby

alleges:

## JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1338(a) and (b), because the claims address federal questions concerning the Lanham Act, 15 U.S.C. § 1121, trademark infringement of federally registered trademarks pursuant to 15 U.S.C. § 1114, and federal unfair competition pursuant to 15 U.S.C. § 1125(a).

2.      The Court has supplemental jurisdiction over the claims arising under the laws of the State of Ohio, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal subject-matter claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

3.      This Court has personal jurisdiction over the individual defendants because they are residents of the State of Ohio and this District.  Defendants have committed tortious actions within, and directed to, this State.  Particularly, Western Digital's claims for trademark infringement, counterfeiting, and unfair competition arise from harm sustained in the State of Ohio.  On information and belief, Defendants have purposefully directed activity at the State of Ohio by sending counterfeiting product from the State. On further information and belief, Defendants are causing tortious injury in the State of Ohio by acts or omissions outside the State of Ohio.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred and are occurring in this District.

## THE PARTIES

5.      Plaintiff Western Digital Technologies, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 5601 Great Oaks Parkway, San Jose, California 95119.

6.      On information and belief, Defendant XYZ Corporation d/b/a Miuli Technology, is an unincorporated entity located and doing business at three locations in Stow, Ohio: 2262 Echo Valley Drive, 4328 Maplepark Road, and 2291 Ross Drive.

7.      On information and belief, Defendant XYZ Corporation d/b/a Miului Technology, is an unincorporated entity located and doing business at three locations in Stow, Ohio: 2262 Echo Valley Drive, 4328 Maplepark Road, and 2291 Ross Drive.

8.      On information and belief, Defendant XYZ Corporation d/b/a Miu Kiu Inc., is an unincorporated entity located and doing business at three locations in Stow, Ohio: 2262 Echo Valley Drive, 4328 Maplepark Road, and 2291 Ross Drive.

9.      On information and belief, Defendant XYZ Corporation d/b/a Miuniu Computer Inc., is an unincorporated entity located and doing business at three locations in Stow, Ohio: 2262 Echo Valley Drive, 4328 Maplepark Road, and 2291 Ross Drive.

10.      On information and belief, Defendant XYZ Corporation d/b/a Micro Technology Concepts, is an unincorporated entity located and doing business at three locations in Stow, Ohio: 2262 Echo Valley Drive, 4328 Maplepark Road, and 2291 Ross Drive.

11.      On information and belief, Defendant XYZ Corporation d/b/a Micro Cncepts, is an unincorporated entity located and doing business at three locations in Stow, Ohio: 2262 Echo Valley Drive, 4328 Maplepark Road, and 2291 Ross Drive.

12.     On information and belief, Defendant XYZ Corporation d/b/a Miu Li, is an unincorporated entity located and doing business at three locations in Stow, Ohio: 2262 Echo Valley Drive, 4328 Maplepark Road, and 2291 Ross Drive.

13.     On information and belief, Defendant XYZ Corporation d/b/a GLF Inc., is an unincorporated entity located and doing business at three locations in Stow, Ohio: 2262 Echo Valley Drive, 4328 Maplepark Road, and 2291 Ross Drive.

14.     On information and belief, Defendant XYZ Corporation d/b/a GLF Miu, is an unincorporated entity located and doing business at three locations in Stow, Ohio: 2262 Echo Valley Drive, 4328 Maplepark Road, and 2291 Ross Drive.

15.     On information and belief, Defendant XYZ Corporation d/b/a GLF LI, is an unincorporated entity located and doing business at three locations in Stow, Ohio: 2262 Echo Valley Drive, 4328 Maplepark Road, and 2291 Ross Drive.

16.     On information and belief, Defendant XYZ Corporation d/b/a GLF MIN, is an unincorporated entity located and doing business at three locations in Stow, Ohio: 2262 Echo Valley Drive, 4328 Maplepark Road, and 2291 Ross Drive.

17.     On information and belief, Defendant XYZ Corporation d/b/a GLF PTE, in an unincorporated entity located and doing business at three locations in Stow, Ohio: 2262 Echo Valley Drive, 4328 Maplepark Road, and 2291 Ross Drive.

18.     On information and belief, Defendant Yong Xian Lau, is an individual residing at 2262 Echo Valley Drive, Stow Ohio 44224.  On information and belief, Yon Xian Lau is manufacturing, selling, and/or distributing hard drives bearing counterfeit Western Digital marks.

19.     On information and belief, Defendant Chi Fan Lau, is an individual residing at 2262 Echo Valley Drive, Stow Ohio 44224.   On information and belief, Chi Fan Lau is manufacturing, selling, and/or distributing hard drives bearing counterfeit Western Digital marks.

20.     On information and belief, Defendant Yong Chen, is an individual residing at 2262 Echo Valley Drive, Stow Ohio 44224.   On information and belief, Yong Chen is manufacturing, selling, and/or distributing hard drives bearing counterfeit Western Digital marks.

21.     On information and belief, Defendant Li Aiting, is an individual residing at 2262 Echo Valley Drive, Stow Ohio 44224.  On information and belief, Li Aiting is manufacturing, selling, and/or distributing hard drives bearing counterfeit Western Digital marks.

22.     On information and belief, Defendant Li Juan Zhou, is an individual residing at 4328 Maplepark Road, Stow Ohio 44224.  On information and belief, Li Juan Zhou is manufacturing, selling, and/or distributing hard drives bearing counterfeit Western Digital marks.

23.     On information and belief, Defendant Zhou Ran Chen, is an individual residing at 4328 Maplepark Road, Stow Ohio 44224.   On information and belief, Zhou Ran Chen is manufacturing, selling, and/or distributing hard drives bearing counterfeit Western Digital marks.

24.     On information and belief, Defendant Bo Liang Li a/k/a Li Bo Liang, is an individual residing at 2291 Ross Drive, Stow Ohio 44224.  On information and belief, Bo Liang Li is manufacturing, selling, and/or distributing hard drives bearing counterfeit Western Digital marks.

25.     On information and belief, Defendant Wendy Chen, is an individual residing at 2291 Ross Drive, Stow Ohio 44224.  On information and belief, Wendy Chen is manufacturing, selling, and/or distributing hard drives bearing counterfeit Western Digital marks.

26.     On information and belief, John Does 1-100 are individuals who manufactured, imported, offered for sale, sold, and/or distributed the counterfeit goods addressed herein.

27.     On information and belief, XYZ Corporations 1-100 are entities who manufactured, imported, offered for sale, sold and/or distributed the counterfeit goods addressed herein.

28.     On information and belief, each of Defendants XYZ Corporation d/b/a Miuli Technology,  XYZ Corporation d/b/a Miului Technology, XYZ Corporation d/b/a Miu Kiu Inc., XYZ Corporation d/b/a Miuniu Computer Inc., XYZ Corporation d/b/a Micro Technology Concepts, XYZ Corporation d/b/a Micro Cncepts, XYZ Corporation d/b/a Miu Li, XYZ Corporation d/b/a GLF Inc., XYZ Corporation d/b/a GLF Miu, XYZ Corporation d/b/a GLF LI, XYZ Corporation d/b/a GLF MIN, XYZ Corporation d/b/a GLF PTE, and XYZ Corporations 1-100, are alter egos of Yon Xiang Lau, Chi Fan Lau, Yon Chen, Li Aiting, Li Juan Zhou, Zhou Ran Chen, Bo Liang Li, Wendy Chen, and John Does 1-100.

29.     Defendants XYZ Corporation d/b/a Miuli Technology, XYZ Corporation d/b/a Miului Technology, XYZ Corporation d/b/a Miu Kiu Inc., XYZ Corporation d/b/a Miuniu Computer Inc., XYZ Corporation d/b/a Micro Technology Concepts, XYZ Corporation d/b/a Micro Cncepts, XYZ Corporation d/b/a Miu Li, XYZ Corporation d/b/a GLF Inc., XYZ Corporation d/b/a GLF Miu, XYZ Corporation d/b/a GLF LI, XYZ Corporation d/b/a GLF MIN, XYZ Corporation d/b/a GLF PTE, Yon Xiang Lau, Chi Fan Lau, Yon Chen, Li Aiting, Li Juan

Zhou, Zhou Ran Chen, Bo Liang Li, Wendy Chen, John Does 1-100, and XYZ Corporations 1-100 are collectively referred to as the "Defendants."

## NATURE OF ACTION

30.     This is an action for counterfeiting and infringement of registered trademarks in violation of the Trademark Act of 1946, 15 U.S.C. § 1114(1); the use of false designations of origin and false and misleading descriptions and representations in violation of the Trademark Act of 1946, 15 U.S.C. § 1125(a); dilution in violation of the Trademark Act of 1946, 15 U.S.C., § 1125(c); dilution in violation of the common law of the State of Ohio; deceptive trade practice in violation of the Ohio Deceptive Trade Practices Act (Ohio Revised Code § 4165.02); statutory unfair competition in violation of the common law of the State of Ohio; fraud and misrepresentation under the common law of the State of Ohio; and unjust enrichment in violation of the common law of the State of Ohio.

## FACTUAL ALLEGATIONS TO ALL CLAIMS

### A.     WESTERN DIGITAL'S VALUABLE RIGHTS

31.     Western Digital was founded in 1970 and is a leading developer and manufacturer of storage technologies and solutions that enable people, businesses and other organizations to create, leverage, experience and preserve data. Western Digital manufactures, distributes and retails a broad range of products, including hard disk drives, solid state drivers, and other digital storage products and solutions ("Western Digital Products").

32.     All Western Digital Products are subject to rigorous manufacturing standards and stringent pre-shipping testing and quality control. Over the past 40 years, Western Digital Products have become enormously popular, driven by Western Digital's arduous quality standards and reliability.

7

33.     Western Digital owns the well-known and internationally recognized WESTERN DIGITAL® mark and variations thereof ("Western Digital Marks"). Western Digital prominently displays its famous and federally registered trademarks on all Western Digital Products.

34.     Western Digital has distributed and sold Western Digital Products bearing the Western Digital Marks through Western Digital's website, as well as through authorized retailers throughout the United States, including leading electronics stores Best Buy, Costco Wholesale, and Staples, as well as numerous online retailers including newegg.com, computerdirect.com, and others.  Western Digital's hard drives are regularly purchased and incorporated into computers and laptops sold by leading computer manufacturers.

35.     As a result of Western Digital's extensive use of the Western Digital Marks with Western Digital Products, the Western Digital Marks have attained global recognition, and are renowned among the general public as symbols of Western Digital's quality, reliability and innovation.

36.     The Western Digital trademarks are central to Western Digital's brand and business.  Western Digital has sought to protect its investment in the WESTERN DIGITAL® brands by, among other things, registering certain trademarks with the United States Patent and Trademark Office.  Among others, Western Digital and its affiliates have obtained federal registrations for the marks WESTERN DIGITAL, WD, WD GOLD, WD GREEN, WD BLACK, WD BLUE, WD RED, WD PURPLE, and **WD** .  Copies of the United States Patent and Trademark Office records of registration for these marks are attached as Exhibits 1-9, respectively.

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 3,040,756 | WESTERN DIGITAL | Computer products, namely hard drives and disk drives in class 009. |
| 3,130,924 |  | Computer products, namely hard drives and disk drives in class 009. |
| 3,062,297 | WD | Computer products, namely hard drives in class 009. |
| 5,288,821 | WD GOLD | Computer products, namely, disk drives, hard disk drives, solid state drives, blank hybrid drives, blank digital storage media, network attached storage hardware and computer peripherals; data storage and computer storage devices, namely, backup drives for computers, disk memories, read only storage device in the nature of memory modules, data processing apparatus, random access storage device in the nature memory modules, and disk drives for servers and data centers; computer memory hardware; removable hard drive based computer backup system; computer hardware, software and firmware for storing, managing, organizing, synchronizing, securing, sharing and backup of electronic data; computer hardware for use in datacenters, data storage and data servers, in class 009. |
| 4,448,552 | WD GREEN | Computer disk drives, in class 009. |
| 4,448,551 | WD BLACK | Computer disk drives, in class 009. |
| 4,419,400 | WD RED | Computer disk drives, in class 009. |
| 4,448,549 | WD BLUE | Computer disk drives, in class 009. |
| 4,680,076 | WD PURPLE | Data storage devices, namely, hard disk drives, digital disk drives, media players, solid state drives, blank digital storage media, hybrid hard drives and computer peripherals; computer storage devices, namely, computer memory hardware and hard drives for computers; digital |

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| | | electronic devices, namely, hybrid hard drives and hybrid disk drives for organizing, receiving, playing, transmitting, managing, storing, securing, encrypting, centralizing, backing-up, transferring, customizing, navigating, playing, viewing, accessing, sharing, streaming, synchronizing, modifying, reviewing, uploading, and downloading text, data, image, audio and video files, information, or media stored on, streamed through, hosted on or run on data storage devices, hard drives, disk drives, solid state drives, media players and Internet servers; removable hard drive based computer backup system; computer hardware for upload, storage, retrieval, download, transmission and delivery of digital content; computer software for use in the synchronization, back-up, playing and encryption and decryption of digital files, including audio, video, text, binary, still images, graphics and multimedia files; computer network storage devices, namely, storage and backup of electronic data either locally or via a telecommunications network; networking software, namely, software for setting up and configuring managed storage and online backup services over wide area networks; computer software and hardware for synchronizing and connecting local network storage and global computer networks, for upload, storage, retrieval, download, transmission and delivery of digital content, for storing and managing data on local and Internet-based file servers, for processing storage of data; computer firmware for data storage, data retrieval, data access, data backup, data replication, data availability, data recovery, data translation and data conversion; computer hardware for use in video surveillance applications and systems, digital or personal video recorders, Internet protocol televisions, set-top boxes, audio systems, digital signage, karaoke players, computer gaming devices and DVD recorders, in class 009. |

37.    The above trademark registrations are valid, subsisting and incontestable.

38.    Western Digital has extensively used the Western Digital Marks, including those listed above, in association with Western Digital Products.  Each Western Digital Product contains at least one of Western Digital's federally registered trademarks. As a result, the customers and potential customers of Western Digital, and the public in general, have come to know and recognize the Western Digital Marks as identifying the highest quality product sourced from Western Digital.

39.    Western Digital has invested heavily in its trademarks, including investment in machinery and methods to ensure consistent and high quality production.  Western Digital spends millions of dollars per year in promotions and marketing expenditures related directly to the WESTERN DIGITAL® brand and Western Digital Products which feature the Western Digital Marks.  Such advertising and promotion includes print media, point of sale advertising, point of sale displays, and direct mail to consumers.  Western Digital has further been publicized in many major international magazines, including, without limitation, Dwell, Wired, Rolling Stone, PC Advisor, PC Pro, and the Gadget Show Magazine.

40.    Western Digital has expended substantial time, money and other resources in developing, advertising and otherwise promoting and protecting its federally registered trademarks.  As a result, products bearing the Western Digital Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products. The widespread fame, outstanding reputation and significant goodwill associated with the Western Digital brand have made the Western Digital Marks invaluable assets to Western Digital.

**B.      WESTERN DIGITAL'S WARRANTY RETURN PROCESS**

41.     Western Digital offers a limited manufacturer's warranty for various Western Digital Products, including internal hard drives that were purchased from Western Digital or an authorized distributor or reseller of Western Digital Products.

42.     To initiate the warranty return process, a customer or re-seller must obtain a Return Merchandise Authorization ("RMA") from Western Digital.

43.     To obtain an RMA number, the customer must first visit Western Digital's website and create an account, which requires the customer to provide an account name, contact name, email address and phone number.  After creating an account, the customer must provide Western Digital with the product name(s) and serial number(s) that will be sent to Western Digital's service center for replacement.  Western Digital's system verifies the serial number(s) and issues an RMA number, which authorizes the customer to send the product(s) to one of Western Digital's service centers for replacement.  For an indirect business account, the type used by Defendants, up to 20 drives can be returned per RMA number.

44.     When Western Digital's service center receives returned products, it performs an initial inspection of the returned products.  If the product passes that inspection, the Western Digital product is replaced and shipped from Western Digital's service center to the shipping address indicated on the RMA.

**C.      DEFENDANTS' RMA FRAUD SCHEME AND COUNTERFEITING**

45.     Defendants and other as-yet-unidentified individuals and business organizations are distributing hard drives that bear counterfeit imitations of Western Digital's federally registered trademarks.  Specifically, Defendants are obtaining junk hard drives, and placing labels on the drives that contain fake serial numbers and a mark identical to or substantially

12

indistinguishable from the Western Digital Mark (the "Counterfeit Mark"). On information and belief, Defendants are then manipulating the junk hard drives' electronics so that the counterfeit nature of the drives is more difficult to detect.

46.     As part of a scheme to defraud Western Digital's RMA system, Defendants are using the fake serial numbers to request RMA numbers from Western Digital, and then sending the junk hard drives bearing the Counterfeit Mark to Western Digital's service center to be exchanged for genuine Western Digital drives.

47.     By placing counterfeit Western Digital labels and serial numbers on the drives, and by altering the junk drives in such a way that makes it impossible for Western Digital's service center to read the drive's data and confirm whether the drive is genuine, Defendants are confusing Western Digital as to the source of the product, and defrauding Western Digital's RMA system, in order to obtain genuine drives.

48.     On information and belief, Defendants sell the fraudulently-obtained genuine Western Digital drives for profit.

49.     On information and belief, Defendants also sell, offer for sale and distribute the counterfeit drives to persons or entities other than Western Digital.

50.     Between June 8, 2017 and October 13, 2017, Defendants have submitted 28 RMA requests and distributed 389 counterfeit hard drives bearing the Counterfeit Mark to Western Digital. In that time, Defendants created at least ten (10) different RMA accounts using ten (10) different email addresses and account names. Defendants have used three (3) different addresses in Stow, Ohio: 2262 Echo Valley Drive, 4328 Maplepark Road, and 2291 Ross Drive.

51.     Defendants' use of the Counterfeit Mark is identical to and confusingly similar to a genuine Western Digital Mark in appearance, sound, meaning and commercial impression.

13

52.     Defendants' use of the Counterfeit Mark falsely suggests that Defendants' hard drives are genuine Western Digital products.

53.     Defendants' use of the Counterfeit Mark trades off the goodwill of the Western Digital brand.

54.     On information and belief, Defendants have access to counterfeit Western Digital hard drive labels, and/or digital files for making such labels, and apply these labels to the junk hard drives they return to Western Digital.

55.     On information and belief, Defendants have access to a means of generating serial numbers for Western Digital hard drives in order to avoid detection.

56.     Defendants are manufacturing counterfeit hard drives by applying counterfeit labels containing fake serial numbers and a Counterfeit Mark to junk hard drives.

57.     On information and belief, Defendants have also sold, offered for sale, and distributed, the counterfeit hard drives through other means, such as through online retail sales.

58.     Defendants have altered the electronics of their counterfeit hard drives so as to make electronic detection of the counterfeit drives more difficult.

59.     On information and belief, Defendants are engaged in the regular business of manufacturing, selling and/or distributing hard drives bearing Counterfeit Marks.

60.     Defendants use and intend to continue using Counterfeit Marks without the authorization of Western Digital.

61.     On information and belief, Defendants intentionally adopted and used the Counterfeit Mark to create confusion and obtain genuine Western Digital product.

62.     On information and belief, Defendants have profited from their wrongful conduct by selling hard drives to persons in the United States who otherwise would have bought genuine WESTERN DIGITAL® brand hard drives manufactured by Western Digital.

63.     On information and belief, all the misconduct alleged herein was performed under the personal direction and control of Yon Xiang Lau, Chi Fan Lau, Yon Chen, Li Aiting, Li Juan Zhou, Zhou Ran Chen, Bo Liang Li, Wendy Chen and John Does 1-100.

## COUNT I

### TRADEMARK COUNTERFEITING AND INFRINGEMENT
### (15 U.S.C. §1114(1))

64.     Western Digital repeats and realleges paragraphs 1 through 63 as if fully set forth herein.

65.     Defendants are using a spurious Western Digital Mark that is identical to or substantially indistinguishable from a genuine Western Digital Mark in appearance, sound, meaning and commercial impression, such that it is likely to cause confusion, mistake and deception as to whether Defendants' products are genuine Western Digital products.

66.     Defendants have used the Counterfeit Mark on Defendants' junk hard drives and have distributed those hard drives in commerce without the approval or consent of Western Digital.

67.     Defendants' use of the Counterfeit Mark without consent from Western Digital is a willful and intentional infringement of Western Digital's federally registered marks.

68.     Western Digital is informed and believes and on that basis alleges that Defendants have derived unlawful gains and profits from their infringing use of the Counterfeit Mark.

69.     The goodwill of Western Digital's business is of great value, and Western Digital will suffer irreparable harm should Defendants' infringement be allowed to continue to the

detriment of the trade reputation and goodwill of Western Digital for which damage Western Digital cannot be adequately compensated at law.

70.     Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Western Digital.

71.     Western Digital has no adequate remedy at law.

72.     As a result of Defendants' actions, Western Digital has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT II

### UNFAIR COMPETITION AND FALSE DESIGNATIONS OF ORIGIN AND FALSE AND MISLEADING REPRESENTATIONS (15 U.S.C. §1125(a))

73.     Western Digital repeats and realleges paragraphs 1 through 72 as if set forth herein.

74.     The aforesaid acts of Defendants constitute the use in commerce, in connection with the Defendants' goods, of symbols and devices and of false designations of origin and false or misleading descriptions and representations in violation of 15 U.S.C. § 1125(a).

75.     Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Western Digital.

76.     Western Digital has no adequate remedy at law.

77.     As a result of Defendants' actions, Western Digital has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT III

### TRADEMARK DILUTION
### (15 U.S.C. § 1125(c))

78.     Western Digital repeats and realleges paragraphs 1 through 77 as if set forth herein.

79.     Defendants' aforesaid acts are likely to dilute the distinctive quality of the famous Western Digital Marks, in violation of 15 U.S.C. § 1125(c).

80.     On information and belief, Defendants engaged in the aforesaid acts with the intent to trade on Western Digital's reputation or to cause dilution of the famous Western Digital Marks.

81.     Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Western Digital.

82.     Western Digital has no adequate remedy at law.

83.     As a result of Defendants' actions, Western Digital has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT IV

### COMMON LAW DILUTION

84.     Western Digital repeats and realleges paragraphs 1 through 83 as if set forth herein.

85.     The Western Digital Marks have become, and continue to be, famous in the State of Ohio.

86.     Defendants' use of the Western Digital Marks in connection with the distribution of Defendants' counterfeit hard drives began after the Western Digital Marks became famous.

17

87.     Plaintiff can exercise no control over the quality of the hard drives in connection with which Defendants use the counterfeit Western Digital Marks and hence there is a likelihood of injury to Plaintiff's business reputation and of dilution of the distinctive quality of Plaintiff's famous mark in violation of the common law in Ohio.

88.     Defendants' acts alleged herein have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable injury to Western Digital for which Western Digital is without an adequate remedy at law.

**COUNT V**

**COMMON LAW UNFAIR COMPETITION**

89.     Western Digital repeats and realleges paragraphs 1 through 88 as if set forth herein.

90.     Defendants' use of the Western Digital Marks is being done with the intent to palm off Defendants' counterfeit hard drives as originating from or having the sponsorship, affiliation or approval of Western Digital in order to trade on the goodwill created by Western Digital in the Western Digital Marks.

91.     Defendants' unauthorized use constitutes the common law tort of unfair competition.

92.     The aforesaid acts of Defendants constitute passing off Defendants' products as Western Digital's products, infringement, imitation, and misappropriation of Western Digital's trademarks, unjust enrichment, and unfair competition in violation of Western Digital's rights at common law.

93.     Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Western Digital.

18

94.     Western Digital has no adequate remedy at law.

95.     On information and belief, Defendants' conduct was oppressive, fraudulent, and malicious, entitling Western Digital to an award of punitive damages.

**COUNT VI**

**OHIO DECEPTIVE TRADE PRACTICES**

96.     Western Digital repeats and realleges paragraphs 1 through 95 as if set forth herein.

97.     Defendants' use of the Western Digital Marks on hard drives constitutes a deceptive trade practice in violation of Ohio Revised Code § 4165.02 because it:

    (a)     passes off the Defendants' products as that of Western Digital;

    (b)     causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of Defendants' goods;

    (c)     causes a likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by Western Digital; and

    (d)     represents that Defendants' goods have sponsorship or approval that they do not have.

98.     Defendants' acts as stated above, constitute deceptive business practices in that as alleged previously, those acts, in trade and commerce, use and employ practices set out in Section 2 of the Uniform Deceptive Trade Practices Act, § 4165.02, and/or constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression and/or omission of a material fact, with an intent that others rely upon the concealment, suppression or omission of such material fact.

99.     On information and belief, Defendants has willfully engaged in the deceptive trade practices.

100.     Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Western Digital.

101.     Western Digital has no adequate remedy at law.

102.     Defendants' statutory violations and other wrongful acts have injured and threaten to continue to injure Western Digital, including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of its trademarks.

103.     Defendants have realized revenue and profits by virtue of their wrongful acts that they otherwise would not have obtained and to which they are not entitled.

104.     Western Digital has also been injured and will continue to incur attorneys' fees and costs in bringing the present action.

105.     Western Digital has no remedy at law for the wrongful actions of Defendants.

## COUNT VII

### FRAUD AND MISREPRESENTATION

106.     Western Digital repeats and realleges paragraphs 1 through 105 as if set forth herein.

107.     Defendants orchestrated a fraudulent scheme to obtain genuine replacement hard drives from Western Digital.

108.     Defendants falsely represented to Western Digital that hard drives being sent for replacement under Western Digital warranty policy were genuine Western Digital hard drives,

when in fact they were junk hard drives bearing labels with counterfeit marks and fake serial numbers.

109.   Western Digital justifiably and reasonably relied on Defendants' false and misleading statements, omissions and deceptive conduct.

110.   The representations made by Defendants regarding the hard drives were material to Western Digital, in that Western Digital would not have issued genuine replacement hard drives, which retail for hundreds of dollars, had Western Digital known that Defendants' representations about the hard drives were false.

111.   As a direct and proximate cause of Defendants' misrepresentations, Western Digital has suffered damages in the amount to be proved at trial.

## COUNT VIII

### UNJUST ENRICHMENT

112.   Western Digital repeats and realleges paragraphs 1 through 111 as if set forth herein.

113.   Defendants' activities alleged herein constitute unjust enrichment of Defendants at Western Digital's expense in violation of the common law of Ohio.

**WHEREFORE,** Plaintiff Western Digital prays for judgment against Defendants as follows:

1.   That Defendants and their agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

21

a.      using the Western Digital Marks, or any reproduction, counterfeit, copy, or colorable imitation of said marks, in connection with the importation, sale, offer for sale, or distribution of hard drives that are not genuine Western Digital hard drives;

b.      using the Western Digital Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same, in any manner likely to cause others to believe that Defendants' products are connected with Western Digital or are genuine Western Digital products;

c.      passing off, inducing, or enabling others to sell or pass off any merchandise which is not genuine Western Digital merchandise as genuine Western Digital merchandise;

d.      making any false or misleading statements regarding Western Digital or its goods, or the relationship between Western Digital and Defendants;

e.      committing any other acts calculated to cause purchasers to believe that Defendants' products are genuine Western Digital products;

f.      shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving or disposing of in any manner such hard drives or packaging falsely bearing one or more of the Western Digital Marks or any reproduction, counterfeit, copy, or colorable imitation of the same; and

g.      assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f).

2.      That Defendants and any and all persons controlled by or acting in concert with Defendants be required to deliver to Western Digital for destruction all goods, packages, and any

other written or printed materials that bear or depict the Western Digital Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same, or anything other than genuine Western Digital hard drives, or that are otherwise in violation of this Court's order issued pursuant hereto, and all means for making the same.

3. That Defendants be required to account to Western Digital for Defendants' profits from the sale of counterfeit and infringing hard drives, for Defendants' profits from the sale of genuine Western Digital hard drives received by defrauding Western Digital, and for such sum in addition thereto as the Court shall find just.

4. That this case be found exceptional and Western Digital be awarded its attorney's fees pursuant to 15 U.S.C. § 1117(a).

5. That Western Digital recover the damages arising out of Defendants' wrongful acts in a sum equal to three times the actual damages suffered by Western Digital, as provided in 15 U.S.C. § 1117(b).

6. That Western Digital be awarded statutory damages in lieu of actual damages, as provided in 15 U.S.C. § 1117(c).

7. That Defendants be required to disgorge their profits and other ill-gotten gains.

8. That Western Digital have and recover taxable costs of this action, including reasonable attorney's fees and interest.

9. That Western Digital be awarded punitive damages in view of Defendants' wanton and deliberate illegal acts committed with oppression, fraud, or malice.

10. That Defendants be ordered to file with the Court and serve upon Western Digital, within thirty (30) days after the service of the injunction upon Defendants, a report in writing

under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment entered pursuant to this Complaint.

11.    That Western Digital be awarded such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Western Digital Technologies, Inc. demands a jury trial on all issues triable by a jury.

John C. Fairweather (0018216)

Dated:    December 19, 2017

Respectfully submitted,

John C. Fairweather (0018216)
jfairweather@brouse.com
Lisa DelGrosso (0064938)
ldelgrosso@brouse.com
BROUSE McDOWELL
388 S. Main Street
Suite 500
Akron, OH 44311
(330) 535-5711
(330) 253-8601 (fax)

*Attorneys for Plaintiff Western Digital Technologies, Inc.*

Cameron M. Nelson (*Pro Hac Vice* Pending)
nelson@gtlaw.com
Jacqueline Brousseau (*Pro Hac Vice* Pending)
brousseauj@gtlaw.com
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
(312) 456-8400
(312) 456-8435 (fax)